# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. GAINES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-083-SPS |
| | ) |
| UNITED STATES MARSHAL | ) |
| SERVICE and MUSKOGEE | ) |
| COUNTY DETENTION CENTER | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER GRANTING MOTION TO
## DISMISS OF DEFENDANT MUSKOGEE COUNTY DETENTION

This is an action for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 - § 2680 (the "FTCA"). The Plaintiff Gary L. Gaines claims he received inadequate medical care while incarcerated on federal charges at the Muskogee County Detention Center (the "MCDC"). The Defendant United States Marshal Service ("USMS") has not yet appeared, but the Defendant MCDC filed a Special Appearance and Motion to Dismiss of Defendant, Muskogee County Detention Center, and Brief in Support [Docket No. 11] pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiff responded by letter dated June 19, 2006 [Docket No. 14], wherein he urges that he be allowed to proceed against the USMS because he was in federal custody at the time.

The MCDC contends, *inter alia*, that it is not a legal entity capable of being sued under Oklahoma law. *See* Fed. R. Civ. P. 17 (b) (indicating that capacity is a matter of state law). Although the Oklahoma courts do not appear to have addressed the issue, this Court

has determined that the MCDC is not a juridical entity and therefore may not be sued in a case under 42 U.S.C. § 1983. *See Baxter v. Muskogee County Detention Center*, Case No. CIV-04-536-S, slip op. at 2-3 (E.D. Okla. Feb. 1, 2006) ("Case law indicates the Muskogee County Detention Center is not a person, corporation, partnership, or unincorporated association with the capacity to be sued for purposes of 42 U.S.C. Sec. 1983. Thus, it is not a suable entity for civil rights litigation.") [unpublished order]. *See also Ketchum v. Albuquerque Police Department*, 958 F.2d 381 (1992) [unpublished opinion] ("Defendants correctly state that police departments such as RPD, TPD, and APD are not suable entities under § 1983, because they lack legal identities apart from the municipality. Moreover, [Bernillio County Detention Center] is similar to a police department in that it is likewise subsumed within the larger municipality. . . . Plaintiff, thus, cannot sue BCDC, RPD, TPD and APD under § 1983.") [citations omitted]; *Arps v. Eddie Warrior Correctional Center*, 2006 WL 1451245, at *4 (W.D. Okla. May 18, 2006) ("Both this Court and the Tenth Circuit have concluded that a county or local jail lacks the capacity to be sued because such facility lacks an identity separate and apart from the county itself which, under proper circumstances, is a suable entity.") [citations omitted]. Although this is an action under the FTCA, the Court sees no reasons why the rationale adopted in *Baxter* does not apply here.

If the Plaintiff has an actionable claim against any state entity for inadequate medical treatment he received while in the MCDC, the Muskogee County Sheriff would appear to be the proper party. *See* 19 Okla. Stat. § 513 ("The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself,

or by his deputy or jailer, for whose acts he and his sureties shall be liable."). To the extent that any such claim can be maintained in accordance with the strictures of Fed. R. Civ. P. 11, the Plaintiff is hereby granted leave to file an amended complaint stating the claim on or before August 11, 2006.

Accordingly, IT IS ORDERED that the MCDC's motion to dismiss contained in the Special Appearance and Motion to Dismiss of Defendant, Muskogee County Detention Center, and Brief in Support [Docket No. 11] is hereby GRANTED. IT IS FURTHER ORDERED that the Muskogee County Detention Center is hereby DISMISSED from this action without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 17th day of July, 2006

_____
**Steven P. Shreder**
**UNITED STATES MAGISTRATE JUDGE**