# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-083-SPS |
| | ) |
| UNITED STATES MARSHALS | ) |
| SERVICE, and MUSKOGEE | ) |
| COUNTY SHERIFF, OFFICE OF | ) |
| CHARLES PEARSON, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER
## GRANTING MOTIONS TO DISMISS

This is an action by a federal prisoner for damages arising out of a heart attack he claims he suffered while in federal custody at the Muskogee County Detention Center. Currently pending are the following motions: (i) the United States Marshals Service Motion to Dismiss for Lack of Jurisdiction and Brief in Support, filed May 11, 2007 [Docket No. 47], re-urged December 19, 2007 [Docket No. 61]; the Special Appearance of Muskogee County Sheriff, Office of Charles Pearson and Motion to Quash Summons, filed on April 26, 2007 [Docket No. 46]; (iii) the Special Appearance of Muskogee County Sheriff, Office of Charles Pearson, Motion to Dismiss and Brief in Support, filed December 18, 2007 [Docket No. 60]; and, (iv) the Opposition Motion Opposing Marshal's Service Motion to Dismiss and Muskogee County Office of Charles Pearson to Quash, the Summons, Respectively Requesting a Spears Hearing Cite as 766 F.2d 179 (1985), filed January 2, 2008 [Docket No. 64], referred to herein as the Plaintiff's motion for hearing. For the reasons set forth below,

all these motions are GRANTED, except for the Plaintiff's motion for hearing, which is DENIED, and the action is hereby DISMISSED.

**A. Background**

The Plaintiff originally sued the United States Marshals Service (the "USMS") and the Muskogee County Detention Center (the "MCDC") under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"). *See* Docket No. 1. The Court dismissed the MCDC because it is not a suable entity and granted the Plaintiff leave to amend to name the Muskogee County Sheriff, the officer responsible by statute for operation of the MCDC. *See* Docket No. 15. The Plaintiff was directed to file an amended complaint on or before August 31, 2006, *see* Docket No. 20, but he inexplicably failed to do so until December 10, 2007. *See* Docket No. 59. He nevertheless attempted to serve the unfiled amended complaint on the Muskogee County Sheriff, Office of Charles Pearson, but he erroneously mailed it to the MCDC. *See* Docket No. 41. When the Sheriff discovered that the Plaintiff had filed a return of service, he moved to quash because he had not been properly served. *See* Docket No. 46. Shortly thereafter, the USMS filed its motion to dismiss the initial complaint raising, *inter alia*, its capacity to be sued and the timeliness of the action. *See* Docket No. 47. This motion was re-urged after the amended complaint was filed, *see* Docket No. 61, and the Sheriff filed his own motion to dismiss, raising not only insufficiency of service of process but other defenses as well, including the statute of limitations. *See* Docket No. 60. The Plaintiff eventually filed a unified response to these motions, demanding an evidentiary hearing on the merits of his case in chief but not specifically addressing the issues raised in the

-2-

Defendants' motions. *See* Docket Nos. 63-64. The Court is now prepared to dispose of all of these pending motions.

**B. Analysis**

The USMS argues it is not properly a party to a suit under the FTCA. This is true; the *only* party properly sued under the FTCA is the United States. *See, e. g., ITT Federal Services Corp. v. Anduze Montano,* 474 F.3d 32, 34 (1st Cir. 2007) ("The United States is the only proper party defendant to a FTCA suit."); *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."). *See generally* 28 U.S.C. § 2674 ("The *United States* shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.") [emphasis added]. An agency of the United States such as the USMS *may not be sued* under the FTCA. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 476 (1994) ("Thus, if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause."); 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [28 U.S.C. §] 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."). Naming the United States in an action under the FTCA is jurisdictional in nature. *See, e. g., Roman v. Townsend,* 224 F.3d 24, 28 (1st Cir. 2000) ("[T]he

requirement that a plaintiff sue the United States within the period of limitations in an action brought under the FTCA is jurisdictional in nature and thus non-waivable."), *citing Allgeier,* 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."), *citing Vernell v. United States Postal Service,* 819 F.2d 108, 110 (5th Cir. 1987); *Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252, 1256 (2d Cir. 1975).

The Court could allow the Plaintiff to file a second amended complaint naming the United States as a defendant *provided* this action was timely when it was originally filed.[1] The USMS argues it was *not* timely filed because it was initiated more than six months after the mailing of the government's letter denying the Plaintiff's administrative claim. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*") [emphasis added]. This argument is clearly supported by the court docket, which reflects that the case was filed on February 27, 2006, five days more than six months after the mailing of the denial letter on August 22, 2005. But the case could nevertheless be

---

[1] A timeliness issue that has not been raised is whether any amendment naming the United States would relate back to the original filing of this action under Fed. R. Civ. P. 15(c). *See, e. g., Allgeier,* 909 F.2d at 871 ("Since Allgeier's exclusive remedy was against the United States and since the United States was not named as a party to the suit until well after the six-month limitations period had passed, the district court was without jurisdiction to hear Allgeier's claim unless his amended complaint 'related back' to his original timely but flawed complaint under Fed. R. Civ. P. 15(c).").

deemed timely filed *if* the Plaintiff can demonstrate that he mailed his complaint to the Court through the prison legal mail system before the expiration of the six-month period, *e. g.*, on February 20, 2006, the date he affixed to the original complaint. *See, e. g., Garcia v. Shanks,* 351 F.3d 468, 471 (10th Cir. 2003) ("Under the federal mailbox rule, a *pro se* prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing."), *citing Houston v. Lack,* 487 U.S. 266, 276 (1988); *Jones v. United States,* 2004 WL 385459, at \*4 (D. Kan. 2004) ("Although the Tenth Circuit has not yet decided whether to apply the [federal mailbox] rule to an untimely filed FTCA complaint, several other circuits have extended *Houston's* rationale to FTCA complaints, to § 1983 complaints, and even to all untimely filed civil complaints.") [unpublished opinion], *citing United States v. Gray,* 182 F.3d 762, 765 n.4 (10th Cir. 1999), *and Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989); *Turner v. Singletary,* 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999) ("The mailbox rule applies not only to notices of appeal, but to complaints in 42 U.S.C. § 1983 action, in Federal Tort Claims Act cases, and in *Bivens* actions."), *citing Garvey v. Vaughn,* 993 F.2d 776 (11th Cir. 1993). Thus, although the USMS must be dismissed from this action because it is not a proper party, the Plaintiff's FTCA claim will not itself be dismissed unless the Plaintiff is unable to show proper mailing of his original complaint within the required six-month period.

The Sheriff argues that the service of process upon him should be quashed because he was not properly served, *i. e.*, service of process was mailed not to his office but instead to the MCDC. *See* Fed. R. Civ. P. 4(j)(2) (a "state-created governmental organization that

is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."); 12 Okla. Stat. § 2004(c)(1)(c)(5) (process may be served by personal delivery upon the county Sheriff "by delivering a copy of the summons and of the petition to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization."). The return filed by the Plaintiff reflects that the Sheriff *was* improperly served, so the service of process upon him is hereby quashed.

Under such circumstances the Court would ordinarily grant leave for the Plaintiff to attempt proper service upon the Sheriff before dismissing the case pursuant to Fed. R. Civ. P. 12(b)(5). *See Gregory v. U.S./U.S. Bankruptcy Court for Dist. of Colorado,* 942 F.2d 1498, 1500 (10th Cir. 1991) ("The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"), *quoting Pell v. Azar Nut Co.,* 711 F.2d 949, 950 n.2 (10th Cir. 1983). But the Sheriff argues that the case should be dismissed because it is barred by the statute of limitations and that further proceedings would therefore be futile. *See Gregory,* 942 F.2d at 1500-01 (approving dismissal without leave to correct defective service of process because "[i]n this case, proper service of process would be futile"). *See also McKinney v. State of Oklahoma Department of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991) ("[W]e agree with and adopt the reasoning of the D.C. Circuit and hold that a *sua*

*sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile[.]") [internal citation omitted], *citing Huxall v. First State Bank,* 842 F.2d 249, 240 n.2 (10th Cir. 1988) (recognizing *sua sponte* dismissal of claim under Rule 12(b)(6) and approving district court's denial of motion for leave to amend complaint where such amendment would be futile).  The Court agrees that any further attempt to serve the Sheriff would be futile, and that dismissal is therefore appropriate.

Although it is not entirely clear, the Plaintiff's claim against the Sheriff is presumably made pursuant to 42 U.S.C. § 1983.[2]  Such a claim is subject to the two-year statute of limitations provided by 12 Okla. Stat. § 95(3).  *See, e. g., Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (holding that Oklahoma's two year statute of limitations applies to all Section 1983 claims), *citing Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984) (en banc), *aff'd,* 471 U.S. 261 (1985).  The Plaintiff's claim accrued no later than November 9, 2002, when the Plaintiff alleges he was denied appropriate medical treatment while in custody.  *Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995) ("A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'"), *quoting Blumberg v. HCA Management Co.,* 848 F.2d 642, 645 (5th Cir. 1988).  Thus, the Plaintiff's claim under Section 1983 was clearly barred on February 27, 2006, when he filed this action.

---

[1]  Assuming *arguendo* the Plaintiff is asserting a state law claim against the Sheriff, such a claim would clearly be barred by his failure to demonstrate that he complied with any of the prerequisites to suit imposed by the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. §§ 151-200.

Allowing the Plaintiff to attempt service as to the Sheriff therefore would be futile, and the Court declines to do so.

### C. Conclusion

For the reasons set forth above, the United States Marshals Service Motion to Dismiss for Lack of Jurisdiction and Brief in Support, filed May 11, 2007 [Docket No. 47], re-urged December 19, 2007 [Docket No. 61], the Special Appearance of Muskogee County Sheriff, Office of Charles Pearson and Motion to Quash Summons, filed on April 26, 2007 [Docket No. 46] and the Special Appearance of Muskogee County Sheriff, Office of Charles Pearson, Motion to Dismiss and Brief in Support, filed December 18, 2007 [Docket No. 60] are hereby GRANTED. The Plaintiff shall have until February 15, 2008 to show the Court the circumstances of his mailing of the original complaint, *e. g.*, whether he sent it to the Court through the prison legal mail system, and if so, when he placed it into the system. Finally, the Plaintiff's Opposition Motion Opposing Marshal's Service Motion to Dismiss and Muskogee County Office of Charles Pearson to Quash, the Summons, Respectively Requesting a Spears Hearing Cite as 766 F.2d 179 (1985), filed January 2, 2008 [Docket No. 64] is hereby DENIED.

**IT IS SO ORDERED** this 22nd day of January, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**