# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-083-SPS |
| | ) |
| UNITED STATES MARSHALS | ) |
| SERVICE, and MUSKOGEE | ) |
| COUNTY SHERIFF, OFFICE OF | ) |
| CHARLES PEARSON, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER DISMISSING
## ACTION FOR LACK OF JURISDICTION

In this action, the Plaintiff Gary L. Gaines claims he received inadequate medical care and suffered a heart attack while incarcerated on federal charges at the Muskogee County Detention Center (the "MCDC"). The Court has dismissed the MCDC, the Muskogee County Sheriff and the United States Marshals Service (the "USMS") for various reasons. The only remaining issue is whether the Plaintiff may amend to sue the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (the "FTCA"). This depends, *inter alia*, on whether the Plaintiff's original filing of this action was timely under the prison mailbox rule. Because the Court finds that it was not timely filed, the action is hereby dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

### A. Background

The Plaintiff originally sued the USMS and MCDC. *See* Docket No. 1. The Court dismissed the MCDC because it is not a legally suable entity and granted the Plaintiff leave

to amend to name the Muskogee County Sheriff. *See* Docket No. 15. The Plaintiff attempted to serve the Sheriff but did it improperly, so the Court quashed the summons. The Court did not grant leave to effect proper service upon the Sheriff because any claims the Plaintiff might have under 42 U.S.C. § 1983 are clearly barred by the two-year statute of limitations provided by 12 Okla. Stat. § 95(A)(3). *See* Docket No. 68. This effectively dismissed the Sheriff. The Court also dismissed the USMS because, like the MCDC, it is not a legally suable entity. The Court left open, however, whether the Plaintiff could amend to sue the United States, the proper party under the FTCA.

The Court observed that the Plaintiff could amend *only if* the action was timely when it was originally commenced.[1] Noting that the action was filed with the Clerk of Court *outside* the six-month period for suing the United States on an FTCA claim, *see* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."), the Court directed the Plaintiff to show the circumstances of his mailing the original complaint so the Court could determine whether he complied with the prison mailbox rule and thereby timely commenced

---

[1] The Court also observed that any amendment to name the United States would have to relate back to the date of the original filing against the USMS under Fed. R. Civ. P. 15(c). *See, e. g., Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir. 1990) ("Since Allgeier's exclusive remedy was against the United States and since the United States was not named as a party to the suit until well after the six-month limitations period had passed, the district court was without jurisdiction to hear Allgeier's claim unless his amended complaint 'related back' to his original timely but flawed complaint under Fed. R. Civ. P. 15(c)."). Because the Court concludes that the action was untimely under the FTCA when it was initially filed, there is no reason to consider whether any amendment to name the United States would relate back under Fed. R. Civ. P. 15(c).

suit within the six-month period. *See* Docket No. 68. The Court now concludes that the Plaintiff did not properly comply with the prison mailbox rule and that this action should therefore be dismissed as untimely.[2]

**B. Analysis**

According to the prison mailbox rule, a pleading "is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). An inmate who mails a complaint by placing it in the prison's mail system is "treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court. *However*, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* at 1165 [emphasis added] [internal citation omitted], *citing United*

---

[2] "Although the Tenth Circuit has not yet decided whether to apply the [prison mailbox] rule to an untimely filed FTCA complaint, several other circuits have extended [the] rationale [of *Houston v. Lack*, 487 U.S. 266 (1988)] to FTCA complaints, to § 1983 complaints, and even to all untimely filed civil complaints." *Jones v. United States,* 2004 WL 385459, at *4 (D. Kan. 2004) [unpublished opinion], *citing United States v. Gray,* 182 F.3d 762, 765 n.4 (10th Cir. 1999), and *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). *See also Turner v. Singletary,* 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999) ("The mailbox rule applies not only to notices of appeal, but to complaints in 42 U.S.C. § 1983 actions, in Federal Tort Claims Act cases, and in *Bivens* actions."), *citing Garvey v. Vaughn,* 993 F.2d 776 (11th Cir. 1993). Indeed, the Court can discern no reluctance by the Tenth Circuit to extend the prison mailbox rule to *all* inmate proceedings. *See, e. g., United States v. Aguirre*, 245 Fed. Appx. 801, 802-03 & n.2 (10th Cir. 2007) (applying the prison mailbox rule to Fed. R. Crim. P. 41(g) proceedings).

*States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (en banc), *cert. denied*, 543 U.S. 1005 (2004).

In order to prove when a pleading was given to prison officials, an inmate must do the following: "'[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule.' . . . [I]f the inmate does not have access to a legal mail system-or if the existing legal mail system is inadequate to satisfy the mailbox rule[,] . . . the 'mandatory method by which a prisoner . . . proves compliance with the mailbox rule' is to 'submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.'" *Price,* 420 F.3d at 1165 [citations omitted], *quoting Ceballos-Martinez*, 387 F.3d at 1145, *citing Gray*, 182 F.3d at 766 and *United States v. Smith*, 182 F.3d 733, 735 n.1 (10th Cir. 1999).

The Plaintiff has not shown that he complied with the prison mailbox rule. The prison from which he mailed the original complaint lacked a proper legal mail system because it logged only incoming mail. *See Gray*, 182 F.3d at 766 ("We conclude that because El Reno's legal mail system does not provide a log or other record of the receipt by prison authorities of *all legal mail sent from the facility*, it does not meet the implicit requirements of *Houston* [*v. Lack*, 487 U.S. 266 (1988)] and [*United States v.*] *Leonard* [937 F.2d 494 (10th Cir. 1991)].") [emphasis added]. Consequently, the Plaintiff was required to prove his compliance with a declaration or notarized statement setting forth the date he gave the original complaint to prison officials and attesting that "first-class postage was pre-paid."

*Price,* 420 F.3d at 1165.  He submitted a declaration indicating that he gave the original complaint to prison officials for mailing on February 20, 2006, which was within the six-month deadline for commencing suit under the FTCA.  However, he failed to attest that first class postage was prepaid.  *See Smith*, 182 F.3d at 735 n.1 ("Although Smith is a pro se inmate purporting to have filed his notice of appeal within the prison's internal mail system on April 20, 1998, we do not apply the . . . pro se prisoner mailbox rule because Smith's declaration of a timely filing did not, as required, "'state that first-class postage has been prepaid.'"), *quoting* Fed. R. App. P. 4(c)(1); *United States v. Herrera,* 178 Fed. Appx. 830, 833 (10th Cir. 2006) ("Herrera's certificate of service fails to state that first-class postage has been prepaid.  While Herrera argues that he mailed his notice of appeal 'in plenty of time for the court to get it' and had no reason to suspect that a hurricane would cause a delay, we note that Herrera failed to submit a declaration complying with the requirements of Rule 4(c)(1) when responding to our order to show cause.  We therefore conclude that Herrera's notice of appeal does not qualify for the prison mailbox rule.").  *See also Price,* 420 F.3d at 1167 ("Price's certificate of service states only that he 'respectfully submitted' his complaint on June 14, 2002.  He also 'certif[ies] . . . that this suit was placed in the institutional mails on this 14th day of June, 2002, with the appropriate postage attached.'  However, there is no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746."); *United States v. Lee*, 196 Fed. Appx. 719, 721-22 (10th Cir. 2006) ("Absent a legal mail system, a prisoner *must* submit a declaration or notarized statement listing the date of deposit with prison officials and attesting that first-class postage was pre-paid.  We have rejected

explanations that fail to strictly comply with our requirements.") [emphasis in original; citations omitted].

Because the Plaintiff did not comply with the prison mailbox rule, this case can only be deemed commenced on February 27, 2006, the date it was filed with the Clerk of the Court. This is outside the six-month period for commencing suit against the United States under the FTCA, which ended on February 22, 2006. Consequently, the Court would lack jurisdiction over any FTCA claim the Plaintiff could assert against the United States by way of amendment. *See, e. g., Roman v. Townsend,* 224 F.3d 24, 28 (1st Cir. 2000) ("[T]he requirement that a plaintiff sue the United States within the period of limitations in an action brought under the FTCA is jurisdictional in nature and thus non-waivable."), *citing Allgeier,* 909 F.2d at 871 ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."), *citing Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252, 1256 (2d Cir. 1975). Dismissal pursuant to Fed. R. Civ. P. 12(h)(3), not amendment, is therefore the appropriate course here. *Ceballos-Martinez*, 387 F.3d at 1143 ("'Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'"), *quoting Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

### C. Conclusion

For the reasons set forth above, the action asserted by the Plaintiff herein pursuant to the FTCA is DISMISSED. Inasmuch as the Court has now disposed of all parties and

claims, final judgment will be rendered in accordance herewith.

**IT IS SO ORDERED** this 29th day of February, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**