# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. GAINES, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )     **Case No. CIV-06-083-SPS** |
| | ) |
| UNITED STATES MARSHALS | ) |
| SERVICE, and MUSKOGEE | ) |
| COUNTY SHERIFF, OFFICE | ) |
| OF CHARLES PEARSON, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER
## DENYING RULE 60(b) RELIEF

The Plaintiff filed this action alleging that he received inadequate medical care and

suffered a heart attack while incarcerated on federal charges at the Muskogee County

Detention Center (the "MCDC"). The original defendants were the MCDC and the United

States Marshals Service (the "USMS"). The Court dismissed the United States Marshals

Service (the "USMS") as unsuable under the Federal Tort Claims Act (the "FTCA"), 28

U.S.C. § 2671 - § 2680, but informed the Plaintiff that he could amend to sue the United

States (the proper party under the FTCA) if he could prove that his late-filed complaint was

nevertheless timely because of compliance with the "prison mailbox rule." *See* Docket No.

68. The papers filed by the Plaintiff in response to the Court's order failed to establish

compliance with the rule, *i. e.*, the facility where he was incarcerated indicated that it logged

only incoming mail (not *all* legal mail), and his declaration as to the mailing of his complaint

lacked the required attestation that it was delivered to prison officials with "first-class

postage pre-paid." *See*, *e. g.*, *Price v. Philpot,* 420 F.3d 1158, 1164-65 (10th Cir. 2005). The

Court therefore dismissed the case and subsequently rejected as untimely the Plaintiff's

motion to amend his declaration to include the required attestation. *See* Docket Nos. 73, 76.

The Tenth Circuit affirmed on appeal. *See Gaines v. United States Marshals Service*, 291

Fed. Appx. 134 (10th Cir. 2008).[1]

Now the Plaintiff seeks to revive his case via Fed. R. Civ. P. 60(b) by arguing that he

mailed his complaint not from the facility previously considered by the Court but instead

from a different facility with an adequate legal mail system.[2] *See* Docket No. 84. Like the

belated attempt to repair the defective declaration, this latest move by the Plaintiff simply

comes too late. *See Price,* 420 F.3d at 1166 ("[O]nce the timeliness of Price's complaint

became an issue, Price failed to document his use of the legal mail system *before* the district

court reached its decision on the merits. Therefore, Price has not met his burden to establish

his entitlement to the benefit of the mailbox rule under this test.") [emphasis added]. *See also*

---

[1]     The Plaintiff originally sued the MCDC and the USMS. The Court dismissed the MCDC because it was not a legally suable entity. *See* Docket No. 15. The Plaintiff amended his complaint to sue the proper party, the Muskogee County Sheriff, but failed to properly serve him. The Court quashed service and dismissed the Sheriff with prejudice because it was clear from the face of the amended complaint that any claims against him were barred by the statute of limitations. *See* Docket No. 68. The Plaintiff did not appeal this ruling.

[2]     As the Sheriff observes, it is not entirely clear whether the Plaintiff's pleadings are intended as a motion for relief under Fed. R. Civ. P. 60(b) or as a petition for certiorari under 28 U.S.C. § 1254. But they were filed in this Court, and would clearly have been untimely as a petition for certiorari, so the Court shall consider them as they are styled, *i. e.*, as a motion for relief under Fed. R. Civ. P. 60(b). *See* 28 U.S.C. § 2101(c) ("Any other appeal or any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review *shall be taken or applied for within ninety days* after the entry of such judgment or decree.") [emphasis added]. *See also* Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely *when it is filed with the Clerk of this Court* within 90 days after entry of the judgment. ") [emphasis added].

*United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144 n.4 (10th Cir.), *cert. denied*, 543 U.S. 1005 (2004) ("While we note that the text of [Fed. R. App. P. 4(c)(1)] does not require the prisoner to file this attestation at any particular time, at the very least, the prisoner must file it *before* we resolve his case.") [emphasis added].  In any event, the Plaintiff offers no explanation for his failure to advise the Court before it dismissed the case that he mailed his complaint from a different facility than the one providing information on its mail system.  More important, however, is that the Plaintiff offers no proof for the naked assertion that the other facility had an adequate legal mail system.  Given these deficiencies, the Plaintiff has clearly failed to demonstrate that this is one of those "extraordinary situations" justifying relief from a judgment already affirmed on appeal.  *See*, *e. g.*, *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir.), *cert. denied*, 506 U.S. 956 (1992) ("Rule 60(b)(6) cannot be properly used to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations.").

Accordingly, the Plaintiff's Motion for Relief Under Fed. R. Civ. P. 60 [Docket No. 84] is hereby DENIED.

**IT IS SO ORDERED** this 10th day of April, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**